# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ANTHONY ALLEN,
                Appellant,

      v.

DEPARTMENT OF HOUSING AND
    URBAN DEVELOPMENT,
                Agency.

DOCKET NUMBER
DC-0752-17-0276-I-1

DATE: April 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Allen</u>, Suitland, Maryland, pro se.

<u>Elan Cameron</u>, Washington, D.C., for the agency.

<u>Robert C. Kusnir</u>, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown, and his request to reopen the appeal is DENIED. 5 C.F.R. §§ 1201.114(e), (g), 1201.118.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

In January 2017, the appellant, formerly employed as a Financial Systems Analyst in the agency's Office of the Chief Financial Officer, timely filed a Board appeal challenging his removal for unacceptable conduct. Initial Appeal File (IAF), Tab 1, Tab 9 at 40-44. The appellant withdrew his request for a hearing during the proceedings below, and the administrative judge relied upon the written record in issuing an initial decision sustaining the removal. IAF, Tab 26 at 4, Tab 51, Initial Decision (ID). Specifically, the administrative judge found that the agency proved its three specifications of unacceptable conduct and that the appellant failed to prove his affirmative defenses of harmful procedural error, laches, and disability discrimination. ID at 7-15.

In particular, the administrative judge considered the appellant's argument that the agency had committed harmful procedural error by removing him in breach of an August 2014 settlement agreement resolving his complaint before the Equal Employment Opportunity Commission (EEOC). ID at 10-12. The agreement, in relevant part, required the agency to "[d]elete language in the March 10, 2014 Notice of Placement on Administrative Leave that refers to threatening and/or disturbing behavior[.]" IAF, Tab 11 at 12-16. The administrative judge concluded that the appellant could not raise a breach of the agreement before the Board and that, to the extent that the settlement agreement created a "procedure" the agency was required to follow, the agency did not breach the terms of the agreement because it did not require the agency to rescind the March 10, 2014 notice or prevent the agency from taking disciplinary action based on the emails giving rise to the March 10, 2014 notice. ID at 11-12.

Finally, the administrative judge found that the agency proved a nexus between the charged conduct and the efficiency of the service, and that the penalty of removal fell within tolerable limits of reasonableness. ID at 15-19. The initial decision became final on June 21, 2017, when neither the appellant nor the agency filed a petition for review. ID at 20.

On March 23, 2018, the appellant filed a petition for review requesting that the Board reopen his appeal because the EEOC ruled in a December 27, 2017 decision that the agency breached the August 2014 settlement agreement and wrongfully removed him. Petition for Review (PFR) File, Tab 1. The agency has filed a response opposing the petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not shown good cause to waive the deadline for filing a petition for review.

The Board treats a request to reopen an initial decision that became final when neither party petitioned for review as an untimely filed petition for review. *Shannon v. Department of Veterans Affairs*, 110 M.S.P.R. 365, ¶ 5 (2009). Therefore, we will initially treat the appellant's submission as an untimely filed petition for review.

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Shannon*, 110 M.S.P.R. 365, ¶ 6. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.*

Here, the appellant has not alleged that he received the initial decision more than 5 days after the date of its issuance. He filed the petition for review 9 months after the initial decision became final. ID at 20, PFR File, Tab 1. A delay of 9 months is significant.[2] *See, e.g.*, *Summerset v. Department of the Navy*, 100 M.S.P.R. 292, ¶ 7 (2005) (observing that a filing delay of 33 days is significant); *Greenberg v. Department of Justice*, 91 M.S.P.R. 42, ¶ 6 (2002) (stating that a filing delay of over 6 months is significant). The Office of the Clerk of the Board informed the appellant that his petition for review was untimely because it was not filed on or before June 21, 2017, and that the Board's regulations require an untimely filed petition to be accompanied by a motion to accept the petition as timely filed and/or to waive the filing time limit for good cause and an affidavit or sworn statement setting forth good cause for the delay in filing. PFR File, Tab 2 at 1-2. The appellant did not file a response.

Upon review of the appellant's petition, we find that the appellant has not shown that he exercised due diligence in filing the petition. Although the appellant has pursued his Board appeal pro se, he has not explained why he failed to file a timely petition for review challenging the initial decision and has not presented circumstances beyond his control that prevented him from promptly requesting review of the initial decision when it was first issued. Additionally, the appellant's pursuit of enforcement of the settlement agreement before the EEOC does not constitute good cause to waive the time limit. *Cf. Shannon*,

---

[2] Prior to filing the instant petition for review, on January 20, 2018, the appellant filed a pleading with the regional office alleging that the EEOC's December 27, 2017 decision ruling that the agency breached the settlement agreement warranted reversal of his removal. *Allen v. Department of Housing and Urban Development*, MSPB Docket No. DC-0752-18-0270-I-1, Initial Appeal File, Tab 1. The pleading was docketed as a new appeal, but the assigned administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction and directing the appellant to file a request to reopen with the full Board. *Allen v. Department of Housing and Urban Development*, MSPB Docket No. DC-0752-18-0270-I-1, Initial Decision (Feb. 18, 2018). Even if we assess the timeliness of the appellant's request for review of the 2017 initial decision from his January 2018 filing with the regional office, the delay of 7 months in seeking review of the initial decision is still significant.

110 M.S.P.R. 365, ¶ 8 (stating that the withdrawal of an appeal to pursue the claims in another forum does not establish good cause for an untimely filed petition for review). Accordingly, the appellant has not established good cause to waive the time limit for filing a petition for review, and we dismiss the petition as untimely filed.

The appellant has not shown that unusual or extraordinary circumstances exist that warrant reopening his appeal.

Further, we find no basis to reopen the appeal pursuant to 5 C.F.R. § 1201.118. In deciding whether to reopen a closed appeal, the Board will balance the desirability of finality against the public interest in reaching the correct result. *Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 17 (2016). Thus, the Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances, such as an intervening event that directly bears on the result or the discovery of misrepresentation or fraud after the issuance of the initial decision, and generally within a short period of time after the decision becomes final. *Id.*; 5 C.F.R. § 1201.118. Such a short period of time is usually measured in weeks, not years. *Jennings*, 123 M.S.P.R. 577, ¶ 17.

The appellant asserts that the EEOC's December 27, 2017 decision found that the agency breached the August 2014 settlement agreement and wrongfully removed him, warranting reversal of the initial decision. PFR File, Tab 1 at 1-2. We do not find, however, that the EEOC's decision requires an outcome different from that of the initial decision. In its December 27, 2017 decision, the EEOC clarified its August 10, 2017 finding that the agency breached the provision of the August 2014 settlement agreement requiring the agency to delete language in the March 10, 2014 notice placing the appellant on administrative leave referring to "threatening and/or disturbing behavior." *Victor S v. Department of Housing and Urban Development*, EEOC Petition No. 0420170029, 2017 WL 6941004, at *3 (Dec. 27, 2017); PFR File, Tab 1 at 7-8; *see Victor S v. Department of Housing and Urban Development*, EEOC Appeal No. 0120171259, 2017 WL 3712729,

at *3 (Aug. 10, 2017). The EEOC ordered the agency to ensure that references to "threatening and/or disturbing behavior" were removed from the March 10, 2014 notice and opined that such references should not be the basis for subsequent adverse actions. *Victor S*, EEOC Petition No. 0420170029, at *3; PFR File, Tab 1 at 8. In its decision, the EEOC specifically addressed a November 2, 2015 letter to the appellant, which it considered to have improperly contained such a reference. *Victor S*, EEOC Petition No. 0420170029, at *3; PFR File, Tab 1 at 7. Despite acknowledging that the appellant argued that the agency had improperly removed him based on a claim of threatening behavior and that the record contained a copy of the agency's decision to remove the appellant, the EEOC did not address the removal and did not order the agency to rescind the removal in its decision. *Victor S*, EEOC Petition No. 0420170029, at *1; PFR File, Tab 1 at 6. Thus, the EEOC's decision did not require reversal of the removal.

Moreover, for the reasons set forth in the initial decision, we do not find that the relevant provision of the settlement agreement requires reversal of the removal. As discussed by the administrative judge, the settlement agreement only required the agency to remove language from the March 10, 2014 notice referencing "threatening and/or disturbing behavior." ID at 11. The relevant provision of the agreement did not require the agency to rescind the notice or refrain from taking action based on the underlying emails that were referenced in the March 10, 2014 notice. ID at 11-12. The provision agreed to by the appellant, who was represented by counsel at the time of the agreement's execution, is not ambiguous. IAF, Tab 11 at 12-16. Accordingly, the administrative judge properly found that the agreement did not prevent the agency from taking action for the conduct underlying the March 10, 2014 notice, and that the agency did not commit harmful procedural error in effecting the removal action. ID at 11-12. As such, we conclude that the appellant has not presented unusual or extraordinary circumstances that warrant reopening his appeal.

Accordingly, this is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.